FILED

June 1, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:27 PM



**COURT OF WORKERS' COMPENSATION CLAIMS**
**DIVISION OF WORKERS' COMPENSATION**

| | |
|---|---|
| **EMPLOYEE: GLYNISE JOHNSON** | **DOCKET NO. 2015-06-0125** |
| **EMPLOYER: OBERTO SAUSAGE CO.** | **STATE FILE NO. 2076-2015** |
| | **DATE OF INJURY: JAN. 5, 2015** |
| **CARRIER:  THE TRAVELERS** | **JUDGE: BAKER** |

## EXPEDITED HEARING ORDER

THIS CAUSE came before the Court upon the Request for Expedited Hearing filed on May 6, 2015, by Glynise Johnson, the employee, pursuant to Tennessee Code Annotated section 50-6-239, wherein Ms. Johnson requested that the Court order the employer, Oberto Sausage Company (Oberto), to provide her a panel of neurologists for treatment of her work-related injury.  Ms. Johnson requested that the Court render its decision based on a review of the case file.  Upon review of the file, the Court enters the following order holding that Ms. Johnson is not entitled to a panel of neurologists.

## ANALYSIS

### Issue

Whether Oberto should be required to provide Ms. Johnson a panel of neurologists for treatment of her work-related injury.

### Documents Reviewed

The Court reviewed and considered the following in reaching its decision:

- Medical records of
    - Tennessee Orthopedic Alliance
    - Concentra
    - St. Thomas Midtown Hospital
    - One Hundred Oaks Imaging
    - Skyline Medical Center
- Form C-42, Agreement Between Employer/Employee Choice of Physician

1

- Request for Expedited Hearing
- Dispute Certification Notice
- Petition for Benefit Determination
- Form C-20, First Report of Injury
- Wage statement.

## History of Claim

Ms. Johnson worked for Oberto earning nine dollars ($9.00) per hour. On January 5, 2015, Ms. Johnson slipped on some icy stairs at work and fell. She suffered injury to her hand and lower back.

Ms. Johnson received emergency medical care on the date of the injury at St. Thomas Midtown Hospital in Nashville. Providers at the hospital examined Ms. Johnson and took several x-rays. They discharged her with diagnoses of abrasion, hip contusion and lumbar strain just after midnight on January 6, 2015. The First Report of Injury indicates that Ms. Johnson did not miss any time from work due to her injury.

On January 6, 2015, Ms. Johnson began receiving follow-up care from Concentra. The provider at Concentra placed Ms. Johnson on light duty work restrictions and referred her for an MRI. Ms. Johnson had the test on January 19, 2015, and it showed the following:

1. Small posterior lateral bulge at the L3-4 level that extends into the inferior right neural foramen without significant narrowing of the neural foramen as there is still fat noted around the exiting nerve root sleeve.

2. Posterior bulge at L5-S1. A small associated annular tear [in] this disc is identified on the left side.

On January 20, 2015, Ms. Johnson returned to Concentra for a follow-up. Concentra referred her for treatment with "An interventional physical medicine rehabilitation specialist." Oberto provided Ms. Johnson a panel of physicians for follow-up care and she selected Dr. Robert Clendenin, III, of Tennessee Orthopedic Alliance to provide treatment.

On February 9, 2015, Dr. Clendenin evaluated Ms. Johnson at his office. In the medical record, Dr. Clendenin noted that Ms. Johnson complained of "pain primarily in the center of the lower back, although she does have some radiation into the left hip and left thigh with a little tingling in the left thigh." Dr. Clendenin further wrote that Ms. Johnson's MRI did not reveal any focal nerve impingement, but she did appear to have some facet joint irritation. He recommended bilateral facet injections to treat the pain.

On February 12, 2015, Dr. Clendenin's office called Ms. Johnson to schedule the injections. Ms. Johnson stated that she did not want to proceed with the injections and asked for a referral for pain management. Dr. Clendenin referred her to Dr. Jeffrey Hazlewood.

Dr. Hazlewood examined Ms. Johnson on March 10, 2015. He found no consistent evidence of facet joint irritation and no evidence of radiculopathy. He provided several analgesics and one opioid to treat the pain. Dr. Hazlewood also referred Ms. Johnson for physical therapy and imposed workplace restrictions that prohibited her from lifting, pushing or pulling over ten (10) pounds and from bending more than occasionally. He also advised Ms. Johnson that her recovery could take some time. He scheduled Ms. Johnson to return for a follow-up in three weeks. The file does not contain any records indicating whether she returned to Dr. Hazlewood.

Ms. Johnson attended a physical therapy session at Results Physiotherapy on March 23, 2015. The records from that visit show that Ms. Johnson made an appropriate effort to perform the physical therapy exercises.

## Ms. Johnson's Contentions

Ms. Johnson argues that she should be allowed to see a neurologist for treatment of her back injury. She requests that the Court order Oberto to provide this care.

## Oberto's Contentions

Oberto argues that it has provided her with a panel of rehabilitation specialists, as recommended by Concentra, and a referral for pain management as ordered by Dr. Clendenin after Ms. Johnson refused the treatment he suggested. None of the authorized treating physicians has referred Ms. Johnson to a neurologist. Essentially Oberto argues that there is no proof that referral to a neurologist is reasonable and necessary.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. section 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

### *Factual Findings*

3

The Court finds that Ms. Johnson suffered a back injury when she fell down a flight of icy stairs at work on January 5, 2015. The Court finds that Ms. Johnson suffered an injury to her back and hand in the fall. The Court finds that none of the physicians who provided treatment has indicated that Ms. Johnson needs care from a neurologist for her injury.

*Application of Law to Facts*

At this point, the parties seem to agree that Ms. Johnson suffered an injury in the course and scope of work for Oberto, so causation is not at issue. Oberto has accepted the claim and provided appropriate care. Ms. Johnson, it appears, is displeased with the course of treatment and has asked the Court to intervene by ordering Oberto to provide her a panel of neurologists. The Court must decline her request.

Tennessee law requires an employer to provide "…free of charge to the employee such medical and surgical treatment…made reasonably necessary by accident as defined in this chapter[.]" *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Upon being provided notice of a workplace injury, the employer is required to "…designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician." *Id.* at 50-6-204(a)(3)(A)(i). Any care prescribed by the physician selected from the panel will be presumed to be reasonable and necessary for treatment of the employee's work-related injury. *See Id.* at 50-6-204(a)(3)(H). Conversely, the injured employee bears the burden of proving that the care provided by a non-designated physician is reasonable and necessary.

Here, Oberto provided Ms. Johnson a panel of physicians and she selected Dr. Clendenin. Dr. Clendenin recommended a course of treatment that Ms. Johnson declined to accept. Thereafter, Dr. Clendenin referred Ms. Johnson for pain management at her request. The referral for pain management is presumed to be reasonable and necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H) Ms. Johnson seeks referral to a neurologist instead. Ms. Johnson bears the burden of proving that referral to a neurologist is reasonable and necessary for treatment of her injury. She has not presented any evidence that treatment by a neurologist is both reasonable and necessary. Accordingly, Ms. Johnson has failed to carry her burden of proof and her request is DENIED.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Johnson's request for an order requiring Oberto to provide a panel of neurologists is denied.

2. This matter is set for an Initial Hearing on July 7, 2015 at 9:30 a.m. (CDT). Information on how to participate is included below.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The**

4

**Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED ON THIS THE 1st DAY OF JUNE, 2015.**

 

 

_____
**Joshua Davis Baker**
**Workers' Compensation Judge**

**INITIAL HEARING:**

An Initial Hearing has been set with Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time.

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 1st day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Vanessa Hall** | | | | | **x** | vhall@travelers.com |
| **Glynise Johnson** | | **x** | | | **x** | glynisejohnson95@gmail.com |

_____
**Penny Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**